IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RICHARD WHITMORE**,

    Plaintiff,                                              No. 3:12-cv-00226-MO

    v.                                                    OPINION AND ORDER

**RECONTRUST COMPANY, N.A., et al.**,

    Defendants.

**MOSMAN, J.**,

    Plaintiff brings this action seeking to enjoin the foreclosure of his home. Defendants Recontrust Company, N. A. ("Recontrust") and Wells Fargo Bank, N.A., as Trustee for the Holders of the Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset -Backed Certificates, Series 2006-WMCI ("WFB") filed a Motion to Dismiss [11] pursuant to Fed. R. Civ. P. 12(b)(6) and a Request for Judicial Notice [12]. I grant defendants' motion to dismiss for the following reasons.

1 – OPINION AND ORDER

## BACKGROUND[1]

On or about October 26, 2005, plaintiff entered into a loan agreement with nonparty WMC Mortgage Corp. ("WMC") whereby he borrowed $178,500.00 and executed a promissory note and a Deed of Trust ("DOT"), establishing a security interest in the property at issue here. The DOT was properly recorded and identified WMC as the "Lender" and Mortgage Electronic Registration Systems, Inc. ("MERS") as the "Beneficiary," as nominee for WMC and its successors and assigns. On April 7, 2011, MERS executed an Assignment of Deed of Trust ("ADOT"), assigning its interest in the DOT to WFB. The ADOT was recorded on April 12, 2011. Also on April 7, 2011, WFB executed an Appointment of Successor Trustee appointing Recontrust as the successor trustee under the DOT. The Appointment of Successor Trustee was recorded on April 12, 2011. Recontrust executed a Notice of Default and Election to Sell ("Notice of Default") on April 7, 2011, and caused it to be recorded on April 12, 2011. WFB ultimately purchased the property on November 28, 2011, and a Trustee's Deed designating WFB as the purchaser was recorded on December 5, 2011.

## STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

---

[1] This factual summary is based on the allegations in the complaint and the exhibits attached to the complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## DISCUSSION

Plaintiff's first claim for relief seeks a declaration that the foreclosure in this case violated Or. Rev. Stat. § 86.735(1) because MERS is not a valid "beneficiary" under the Oregon Trust Deed Act ("OTDA"). In his second claim, plaintiff seeks a declaration that the foreclosure violated Or. Rev. Stat. § 86.735(1) because defendants did not record any assignments or conveyances of the promissory note. Plaintiff's third claim seeks a declaration that the foreclosure was unlawful because the Notice of Default was invalid. Plaintiff's fourth claim alleges breach of contract.

In *Beyer v. Bank of America*, 800 F. Supp. 2d 1157 (D. Or. 2011), I found that: the OTDA does not require presentment of the promissory note or any other proof of real party in interest or standing, other than the deed of trust; the OTDA does not preclude a note and deed of trust from being separated; and MERS is a proper beneficiary under Oregon law. *See also Peirce v. Assurity Fin. Services, LLC*, 3:10–cv–01269–MO, 2011 WL 7740690 (D. Or. Dec. 15, 2011); *Thompson v. Bank of New York Mellon*, 3:12–cv–00066–MO, 2012 WL 1253203 (D. Or. Apr. 12, 2012). Because plaintiff's first claim, second claim, and part of his third claim are based on the premise that MERS is not a valid "beneficiary" under the OTDA and/or that defendant must record assignments of the promissory note, I dismiss these claims for failure to state a claim. I dismiss these claims with prejudice as any amendment to plaintiff's complaint would be futile.

Plaintiff's sole remaining allegation in his third claim for relief asserts that Recontrust was not vested with the powers of the original trustee pursuant to Or. Rev. Stat. § 86.735(3) until the Appointment of Successor Trustee was recorded on April 12, 2011, and thus had no authority to act as trustee and execute the Notice of Default on April 7, 2011. Plaintiff argues, therefore, that the non-judicial foreclosure process was predicated on an invalid Notice of Default thereby

3 – OPINION AND ORDER

rendering the foreclosure invalid from the outset. (Notice of Removal [1] Ex. 1, 12–13). Or. Rev. Stat. § 86.735(3) states that a trustee may only foreclose a trust deed by advertisement and sale if it has recorded a notice of default. There is no dispute that defendants recorded the Notice of Default in this case. Instead, plaintiff relies on Or. Rev. Stat. § 86.790(3), which states that a successor trustee "shall be vested" with all the powers of the original trustee "[i]f the appointment of the successor trustee is recorded," to argue that Recontrust had no power to execute the Notice of Default before the appointment of successor trustee was recorded. This statute cannot be interpreted to require this court to void all actions a successor trustee takes after an appointment of successor trustee is executed but before it is recorded. *See Crowden v. Federal Nat. Mortg. Ass'n*, 3:11–CV–1083–HZ, 2011 WL 6740741, at *6 (D. Or. Dec. 22, 2011) (explaining that merely because Or. Rev. Stat. § 86.790(3) states that successor trustee's powers vest if its appointment as successor trustee is recorded, it does not also establish that the successor trustee's powers vest only after the appointment has been recorded). Plaintiff has provided no authority otherwise establishing that a successor trustee cannot execute a notice of default before the appointment of the successor trustee is recorded, nor has he responded to defendants' arguments against this claim in his opposition to defendants' motion to dismiss. Therefore, I dismiss plaintiff's claim with prejudice to the extent that he argues that the foreclosure violated Or. Rev. Stat. § 86.735(3) by way of Or. Rev. Stat. § 86.790(3), because amendment will not cure the defect in the underlying argument.

Lastly, plaintiff alleges in his fourth claim for relief that WFB breached a covenant included in the DOT that required the lender to give notice to the borrower "prior to acceleration following Borrower's breach of any covenant or agreement." (Notice of Removal [1] Ex. 1, 14). In order to state a claim for breach of contract, Mr. Whitmore "must allege the existence of a

4 – OPINION AND ORDER

contract, 'its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff.'" *Slover v. Oregon State Bd. of Clinical Soc. Workers*, 927 P.2d 1098, 1101 (Or. Ct. App. 1996) (quoting *Fleming v. Kids and Kin Head Start*, 693 P.2d 1363, 1364 (Or. Ct. App. 1985)). Defendants argue that plaintiff cannot allege his full performance and lack of breach, because as the very covenant that this claim is predicated upon implies, plaintiff has breached the contract by not making a payment in over two years. Also, defendants argue that plaintiff cannot allege that the lack of notice caused him any damage, because even if he received the notice, he would not have been able to prevent the foreclosure sale as he has not alleged an ability to cure his default or any defenses to the foreclosure. Plaintiff did not respond to these arguments. On the current record, plaintiff has not alleged a claim for relief that is plausible on its face, because he has not provided sufficient factual matter, accepted as true, to state a claim for breach of contract. Because plaintiff cannot allege lack of breach, I dismiss this claim with prejudice as any amendment would be futile.

## CONCLUSION

I GRANT defendants' Motion to Dismiss [11] and DENY AS MOOT its Request for Judicial Notice [12]. For the foregoing reasons, plaintiff's complaint is DISMISSED with prejudice in its entirety.

IT IS SO ORDERED.

DATED this   15th    day of May, 2012.

/s/ Michael W. Mosman     _
MICHAEL W. MOSMAN
United States District Court

5 – OPINION AND ORDER